NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **American General Life Insurance Company,** | : : : | |
| | : | Civil Action No. 08-399 (GEB) |
| **Plaintiff,** | : : : | |
| v. | : : | |
| **The Altman Family Insurance Trust By and Through Its Trustees, Abraham Altman and Moishe Shwartz,** | : : : : | **OPINION** |
| **Defendants.** | : : | |

Pending before this Court is a Motion by Plaintiff American General Life Insurance Company ("Plaintiff") to amend its Complaint to add five new defendants and five new claims. (Docket Entry No. 38). Having considered the parties' submissions, the Court **GRANTS** the motion.

### I.  BACKGROUND

Plaintiff instituted this lawsuit against the Altman Family Insurance Trust (the "Trust"), by and through its Trustees, Abraham Altman and Moishe Shwartz (the "Trustees") (the "Defendant"), by way of Complaint dated January 18, 2008 (the "Original Complaint"). (Docket Entry No. 1). Plaintiff sought a declaratory judgment that certain life insurance policies purchased by the Trustees on behalf of the Trust were null and void due to alleged material misrepresentations made on applications for life insurance to insure the life of Mr. Michael Altman. (*Id*. at ¶ 18). The applications resulted in the issuance of two policies with an effective date of January 20, 2006. (*Id*.

at ¶ 12). The action seeks to rescind the life insurance policies. (*Id*. at ¶ 18).

Defendant answered the Original Complaint on March 18, 2008. (Docket Entry No. 7). The Rule 16 scheduling conference took place on July 10, 2008 where the Court ordered that fact discovery was to end by January 12, 2009. (Docket Entry No. 11). In November 2008 and March 2009, the Court held a series of telephone status conferences where the parties alerted the Court to certain discovery disputes, including difficulties in scheduling the depositions of Defendant's witnesses. (Docket Entry Nos. 11 and 16). The parties requested, among other things, an extension of time to complete fact discovery due to these disputes. In particular, in November 2008, the parties noted that no depositions had been scheduled. Thereafter, in March 2009, Defendant asserted that Mr. Michael Altman, the insured, was ill and availability for his deposition would be difficult. In April 2009, Plaintiff alerted the Court that Mr. Brach and Mr. Horowitz had failed to produce documents in response to subpoenas and that Defendant was attempting to cancel the depositions scheduled for April 20 and 21, 2009. On April 22, 2009, Defendant filed a motion to compel. (Docket Entry No. 30). The Court handled the discovery disputes and in doing so, granted the requests to extend the date to complete fact discovery.[1]

Based on the above noted disputes, the most recent Pretrial Scheduling Order was entered by this Court on January 12, 2009 reaffirming November 17, 2008 as the deadline to file motions to amend the pleadings and December 26, 2008 as the deadline to file motions to add new parties. (Docket Entry No. 16). By Order dated March 19, 2009, fact discovery was to end on June 17, 2009. (Docket Entry No. 22). Expert discovery is still ongoing as the deadlines have been adjourned.

---

[1] As a general practice in each matter, the Court maintains a case journal. The information in the above background was obtained from the Court's notes in that journal.

(Docket Entry No. 48).

Plaintiff filed the instant motion on May 20, 2009, prior to the end of fact discovery, seeking to add both additional claims and additional defendants. Specifically, Plaintiff seeks leave to amend the Original Complaint to add five new individual defendants: (1) Chaim Babad (as Trustee for the Altman Trust); (2) Michael Altman (the insured); (3) Abraham Altman (individually); (4) Joel Brach (an insurance agent who submitted the applications); and (5) Yoel Horowitz (a second insurance agent who also submitted the applications) (collectively the "Proposed Defendants"). (Memorandum in Support Plaintiff's Motion for Leave to File First Amended Complaint ("Pl. Memo of Law") at 2). Plaintiff also seeks to add five new claims: (1) Count II, Fraud (against all Defendants); (2) Count III, Negligent Misrepresentation (against all Defendants); (3) Count IV, Aiding and Abetting (against all Defendants); (4) Count V, Civil Conspiracy (against all Defendants); and (5) Count VI, Breach of Fiduciary Duty (against Defendants Brach and Horowitz) (collectively the "Proposed Claims"). (*Id*. at Exhibit A (the "Proposed Amended Complaint")). Plaintiff seeks to add the new defendants and claims based on information Plaintiff learned in depositions which occurred in April 2009. (*Id*. at 2). The alleged newly discovered evidence was learned once the Plaintiff was able to take the depositions of the following witnesses: Michael Altman, Abraham Altman and Joel Brach. (*Id*.). Plaintiff moved approximately one month later to amend its complaint.

Defendant opposes the addition of Counts II, IV and V but does not address Count III (other than a passing footnote) or Count VI. (Defendant's Memorandum of Law In Opposition ("Def. Memo of Law") at 6). Defendant also argues extensively against Count I, however, Count I is not the subject of the amendment and appeared in the identical form in the Original Complaint. (*Id*. at 3-4). As such, the Court will not consider the arguments made by Defendant against Count One.

Defendant also does not oppose the request to add the Proposed Defendants. Therefore, the Court will grant the motion with respect to the Proposed Defendants, Counts III and VI and will evaluate Counts II, IV and V against the equitable and legal considerations underpinning Fed. R. Civ. P. 15(a).

## II.   LEGAL ANALYSIS

Fed. R. Civ. P. 15(a) allows a party to amend its pleading by leave of court when justice so requires. Leave to amend pleadings is to be freely given. Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend rests within the discretion of the court. *Foman*, 371 U.S. at 182. Pursuant to *Foman*, leave to amend may be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment. *Id.* "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).

Here, Defendant is opposing Plaintiffs' Motion on the basis of undue delay and futility of the proposed amendment. These arguments will be addressed in turn.

### A.   Undue Delay

With respect to undue delay, Defendant argues that, because Plaintiff waited over one year to amend the Original Complaint and until after a motion for summary judgment had been filed, the instant motion should be denied. (Def. Memo of Law at 3).

As a preliminary matter, the Court notes that there is no presumptive period in which a motion for leave to amend is deemed "timely" or in which delay becomes "undue." In *Arthur v. Maersk*, the Third Circuit found that a period of eleven months from commencement of an action

to the filing of a motion to amend was not, on its face, so excessive as to be presumptively unreasonable. 434 F.3d at 205. Likewise, Plaintiff's act of waiting sixteen months from the filing of the Original Complaint to seek leave to amend will not be deemed presumptively unreasonable.

In determining whether the instant motion was the result of undue delay, this Court must examine Plaintiff's reasons for not moving to amend sooner. *AstraZeneca AB v. Ranbaxy Pharms., Inc.*, No. 05-5553, 2008 U.S. Dist. LEXIS 102097, at *21 (D.N.J. Dec. 15, 2008). Plaintiff attributes the instant delay to the numerous discovery disputes that have plagued this case and prevented Plaintiff from pleading facts adequate to sustain Plaintiff's heightened burden in pleading an action sounding in fraud. (Plaintiff's Reply in Support of Plaintiff's Motion for Leave To File First Amended Complaint ("Pl. Reply") at 2-3). Plaintiff filed the instant motion just one month after receiving the necessary information through written discovery and depositions. (Pl. Memo of Law at 2). As noted earlier, Plaintiff only discovered the information upon completion of the depositions in April 2009. (*Id.* at 2). Plaintiff has demonstrated good cause for the amount of time it took to file the instant motion.

Moreover, delay alone does not justify denying a motion to amend. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, only when the delay places an unwarranted burden on the court or on the opposing party is a denial on the basis of delay appropriate. *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reason for its delay. *Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).

Here, Defendant fails to advance a single piece of evidence to demonstrate that the

amendment would be prejudicial. Instead, Defendant merely states in a conclusory fashion that it will be prejudiced if leave is granted. (Def. Memo of Law at 10). Moreover, Plaintiff has proffered a reasonable explanation for the delay and is not guilty of repeated failure to cure deficiencies by previous amendments since this is Plaintiff's first attempt to amend its Complaint. *Sullivan v. W.N.Y. Residential, Inc.*, No. 01-7847, 2003 U.S. Dist. LEXIS 6498, at *4 (E.D.N.Y. Mar. 4, 2003). Therefore, the Motion to Amend will not be denied on the basis of undue delay or prejudice.

    **B.**    **Futility**

The Court next considers Defendant's futility argument. An amendment is considered futile if it advances a claim or defense that is legally insufficient on its face. Courts may properly deny a motion to amend when the amendment would not withstand a motion to dismiss. *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). Under Fed. R. Civ. P. 12(b)(6), dismissal should not be ordered "unless it appears beyond doubt that the [party asserting the claim] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Defendant makes two arguments grounded in futility. First, Defendant argues that Counts II (Fraud), IV (Aiding and Abetting) and V (Civil Conspiracy) fail to allege fraud with particularity as required in Fed. R. Civ. P. 9(b). Second, Defendant argues that Plaintiff cannot simultaneously plead an action in fraud and an action for recission.

    **i.**    **Fed. R. Civ. P. 9(b)**

The Federal Rules of Civil Procedure provide that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). While Count II specifically alleges fraud, Counts IV and V, aiding and abetting and conspiracy

respectively, are also subject to that standard as they are fraud-derivative actions. *See Gray v. Bayer Corp.*, 2009 U.S. Dist. LEXIS 48181, at *5-*6 (D.N.J. June 8, 2009) ("[A] plaintiff cannot escape Rule 9(b) by alleging claims that do not traditionally involve fraud; rather, the test is whether the particular claim alleged in this matter sounds in fraud. If so, the pleading is subject to 9(b)."). The Third Circuit has held that, in order to satisfy the requirements of Rule 9(b), plaintiffs must "plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). Therefore, to determine if the Proposed Amended Complaint is futile, the Court must determine whether Counts II, IV and V are plead with sufficient particularity to withstand a motion to dismiss. After considering the parties' arguments and relevant case law, the Court finds that the Proposed Amended Complaint withstands the requirements of Fed. R. Civ. P. 9(b).

In brief, Defendant argues that Counts II, IV and V are not plead with specificity because the Proposed Amended Complaint does not distinguish the allegedly fraudulent conduct in which each defendant engaged. (*See* Def. Memo of Law at 7-8). Defendant further asserts that the Proposed Amended Complaint fails to identify each Defendants' role in the alleged fraud. (*Id.* at 8). In response, Plaintiff argues that it set forth newly-discovered evidence giving rise to the new causes of action and provided citations to the relevant statements made in the depositions of the newly added defendants to support those claims. (*See* Pl. Reply at 5). Therefore, Plaintiff argues that it has stated the circumstances constituting the fraud with particularity as required by the Rule. *Id.*

To adequately plead a claim of fraud, "Rule 9(b) requires a plaintiff to plead (1) a specific

false representation [or omission] of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage." *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 284 (3d Cir. 1992). In addition, the plaintiff must also "identify the source of the allegedly fraudulent misrepresentation or omission." *Granite State Ins. Co. v. Ujex, Inc.*, Civil No. 03-1220, 2005 WL 1618792, at *8 (D.N.J. July 11, 2005) (citing *Klein v. Gen. Nutrition Cos., Inc.*, 186 F.3d 338, 345 (3d Cir. 1999)).

To plead a claim for aiding and abetting a fraud, plaintiff must plead facts to demonstrate "performance of [a] wrongful act, awareness of the illegality, and knowing and substantial assistance of [the] principal violator." *Leang v. Jersey City Bd. Of Educ.*, 198 N.J. 557, 576 (2009) (internal citations omitted). Finally, the elements of a claim for a civil conspiracy under New Jersey law are "(1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose to be achieved by unlawful means; and (4) special damages." *Farris v. County of Camden*, 61 F.Supp.2d 307, 330 (D.N.J. 1999) (internal citations omitted). The elements must be plead with specificity to give notice of the nature of the conspiracy alleged. *Downey v. Coalition Against Rape & Abuse, Inc.*, 143 F.Supp.2d 423, 446 (D.N.J. 2001).

As to the fraud, Plaintiff has plead that the Proposed Defendants Michael Altman, Abraham Altman, Joel Brach and Yoel Horowitz "purposefully misrepresented Michael Altman's income, net worth and the amount of other life insurance coverage in-force or being sought on Michael Altman's life to multiple life insurance companies..." (Proposed Amended Complaint at ¶ 22). Plaintiff has also plead that Michael Altman did not qualify for the life insurance coverage sought, that Plaintiff did not know this fact and that the policy was obtained with the intent to profit from the sale of the

policies or upon Michael Altman's death. (*Id*. at ¶¶ 22, 27). Finally, Plaintiff plead that Proposed Defendants Michael Altman and the Altman Trust through its Trustees (Proposed Defendants Abraham Altman, Chaim Babad and Moishe Schwartz) were responsible for providing the alleged misrepresentation to Plaintiff and that Proposed Defendants Joel Brach and Yoel Horowitz actually submitted those applications. (*Id*. at ¶¶ 25, 26, 28). As such, Plaintiff has alleged enough facts to place the Proposed Defendants on notice of the claims against them and have sufficiently alleged which Defendant made the material misrepresentations.

Moreover, and as to both the aiding and abetting and civil conspiracy claims, Plaintiff, in addition to the allegations noted above, has also alleged that "the Altman Trust, by and through its Trustees, Abraham Altman, Chaim Babad, and Moishe Schwartz applied in writing to American General seeking the issuance of insurance policies. . . and was done in furtherance of the conspiracy." (Proposed Amended Complaint at ¶ 23). Plaintiff further states in the Proposed Amended Complaint that "Abraham Altman, Joel Brach, and Yoel Horowitz participated in the completion of the application for life insurance" and that they submitted applications for life insurance coverage on Mr. Altman's life to at least four insurance carriers which contained material misrepresentations regarding Michael Altman's net worth and insurance coverage. (*Id*. at ¶¶ 26, 28). Specifically as to the aiding and abetting claim, Plaintiff alleged that the applications contained material misrepresentations, the Defendants were aware of the misrepresentations and to the extent the "representations are attributable solely to Michael Altman, the remaining Defendants aided and abetted Michael Altman in perpetrating" the fraud. (*Id*. at ¶ 38). These allegations, and others detailed in paragraphs 21 to 30 of the Proposed Amended Complaint, provide sufficient particularity to satisfy Rule 9(b).

      **ii.**      **Fraud and Recision**

Defendant argues that the Court should not permit Plaintiff to amend its complaint because the Plaintiff abandoned an action in fraud when it originally pursued an action in rescission. (Def. Memo at 8). However, as Plaintiff correctly points out in its reply brief, the Federal Rules of Civil Procedure support alternative and even inconsistent pleadings. Fed. R. Civ. P. 8(d)(2) states that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Furthermore, Fed. R. Civ. P. 8(d)(3) states that "[a] party may state as many separate claims or defenses as it has, **regardless of consistency**." (emphasis added); *see also Sotheby's, Inc. v. Minor*, No. 08 Civ. 7694, 2009 WL 3444887, at *5 (S.D.N.Y. Oct. 26, 2009) (inconsistencies at the pleadings stage is permitted and does not render a complaint futile); *Flaster/Greenberg P.C. v. Brendan Airways, LLC*, Civil Action No. 08-4333, 2009 WL 1652156, at *7 (D.N.J. Jun 10, 2009) (same); *Navigant Consulting, Inc. v. Kostakis*, No. CV-07-2302, 2007 WL 2907330, at * 4 (E.D.N.Y. Oct. 4, 2007) (finding that tort and rescission claims can be pled simultaneously). Therefore, under the Federal Rules of Civil Procedure, Plaintiff is allowed to plead inconsistent or contradictory pleadings and thus the motion to amend will not be denied on this basis.

**III.     CONCLUSION**

      For the reasons set forth above, the Court grants Plaintiff's Motion to Amend the Complaint.

The Court will issue an appropriate Order.

                                                s/ Esther Salas
                                                **ESTHER SALAS**
                                                **UNITED STATES MAGISTRATE JUDGE**