**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, § § § § Plaintiff, § § v. § § THE ALTMAN FAMILY INSURANCE TRUST BY AND THROUGH ITS TRUSTEES, ABRAHAM ALTMAN, CHAIM BABAD, AND MOISHE SCHWARTZ; ABRAHAM ALTMAN, INDIVIDUALLY; MICHAEL ALTMAN; JOEL BRACH; AND YOEL HOROWITZ, § § § § § § § § § § § § § Defendants. § | CIVIL ACTION FILE NUMBER: 2:08-cv-00399 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

American General Life Insurance Company files this First Amended Complaint against The Altman Family Insurance Trust (the "Altman Trust"), by and through Abraham Altman, Chaim Babad and Moishe Schwartz, Trustees of the Altman Family Insurance Trust (the "Trustees"); Michael Altman; Abraham Altman; Joel Brach; and Yoel Horowitz (Michael Altman, Abraham Altman (individually), Joel Brach and Yoel Horowitz referred to collectively as "Individual Defendants") as follows:

## THE PARTIES

1.   American General Life Insurance Company ("American General") is a Texas insurance company authorized to transact the business of insurance in New Jersey. American General is a citizen of Texas within the meaning and intent of 28

U.S.C. § 1332.

2. The Altman Trust is a trust with its situs in New Jersey. The Altman Trust has appeared in this action. Abraham Altman, as a trustee of the Altman Trust, has appeared in this action. Abraham Altman is a citizen of New York within the meaning and intent of 28 U.S.C. § 1332. Moishe Schwartz, a former trustee of the Altman Trust, has appeared in this action. Moishe Schwartz is a citizen of New Jersey within the meaning and intent of 28 U.S.C. § 1332.

3. Chaim Babad, a trustee of the Altman Trust, is a citizen of New York and can be served with process at 1531 57th Street, #2, Brooklyn, New York 11219. Chaim Babad is a citizen of New York within the meaning and intent of 28 U.S.C. § 1332.

4. Michael Altman is a citizen of New York and can be served with process at 83 Division Avenue, #3, Brooklyn, New York 11211. Michael Altman is a citizen of New York within the meaning and intent of 28 U.S.C. § 1332.

5. Abraham Altman, individually, is a citizen of New York and can be served with process at 1413 42nd Street, Second Floor, Brooklyn, New York 11219. Abraham Altman is a citizen of New York within the meaning and intent of 28 U.S.C. § 1332.

6. Joel Brach is a citizen of New York and can be served with process at 18 Chevron Road, Unit 402, Monroe, New York 10950. Joel Brach is a citizen of

New York within the meaning and intent of 28 U.S.C. § 1332.

7.  Yoel Horowitz is a citizen of New York and can be served with process at 417 Flushing Avenue, Number 3B, Brooklyn, New York 11205. Yoel Horowitz is a citizen of New York within the meaning and intent of 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

8.  This suit presents a case of actual controversy within the diversity jurisdiction of this Court.

9.  American General is a citizen of Texas.

10. The Altman Trust is a citizen of New Jersey.

11. Abraham Altman, individually and as Trustee, is a citizen of New York and is subject to the jurisdiction of the Court by virtue of his acting as a trustee of the New Jersey Trust and his involvement in the purchase of two life insurance policies issued in New Jersey to the New Jersey Trust.

12. Moishe Schwartz, as Trustee, is a citizen of New Jersey and is subject to the jurisdiction of the Court by virtue of his state of residency, his acting as a trustee of the New Jersey Trust, and his involvement in the purchase of two life insurance policies issued in New Jersey to the New Jersey Trust.

13. Chaim Babad, as Trustee, is a citizen of New York and is subject to the jurisdiction of the Court by virtue of his acting as a trustee of the New Jersey

Trust and his involvement in the purchase of two life insurance policies issued in New Jersey to the New Jersey Trust.

14. Michael Altman is a citizen of New York and is subject to the jurisdiction of this Court by virtue of his involvement in the purchase of two life insurance policies insuring his life issued in New Jersey.

15. Joel Brach is a citizen of New York and is subject to the jurisdiction of this Court by virtue of his involvement in the purchase of two life insurance policies issued in New Jersey to a New Jersey Trust. Upon information and belief, Mr. Brach is licensed to act as a life insurance agent in New Jersey.

16. Yoel Horowitz is a citizen of New York and is subject to the jurisdiction of this Court by virtue of his involvement in the purchase of two life insurance policies issued in New Jersey to a New Jersey Trust. Upon information and belief, Mr. Horowitz is licensed to act as a life insurance agent in New Jersey.

17. In addition, and as illustrated below, the Individual Defendants engaged in a conspiracy to defraud American General. The goal of this conspiracy was to obtain New Jersey life insurance policies owned by a New Jersey trust, which was accomplished by making material misrepresentations on a life insurance application partially executed in New Jersey. As such, the Individual Defendants are subject to the jurisdiction of this court pursuant to N.J.R. CIV. P. 4:4-4.

18. This Court has diversity jurisdiction of this action by virtue of 28

U.S.C. § 1332, as Plaintiff and each Defendant are citizens of different states and, as set out more fully below, the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs.

19. This Court has jurisdiction for the declaratory judgment action pursuant to FED. R. CIV. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

20. Venue in this judicial district is proper for this action pursuant to 28 U.S.C. §1391 because all or a portion of the events giving rise to the cause asserted herein occurred in the state of New Jersey.

## **FACTUAL BACKGROUND**

21. American General is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of New Jersey.

22. In 2005, the Individual Defendants devised a plan to obtain millions of dollars of life insurance coverage from several different life insurers on the life of Michael Altman. Michael Altman, a retiree living off of a fixed monthly income, did not qualify for the multi-million dollar life insurance coverage sought by Individual Defendants. The Individual Defendants therefore purposely

misrepresented Michael Altman's income, net worth, and the amount of other life insurance coverage in-force or being sought on Michael Altman's life to multiple life insurance companies and obtained at least $23 million in death benefit protection and were seeking millions more. These policies were obtained by the Individual Defendants with the intent of profiting from the sale of the policies or upon Michael Altman's death, whichever occurred first.

23. On or about December 28, 2005, the Altman Trust, by and through its Trustees, Abraham Altman, Chaim Babad, and Moishe Schwartz, applied in writing to American General seeking the issuance of insurance policies insuring the life of Michael Altman. The relevant application for life insurance was completed by the Altman Trust at the direction of the Individual Defendants and/or with the assistance of the Individual Defendants, and was done in furtherance of the conspiracy. As a result of the application and in reliance on the information provided therein, American General issued New Jersey Policy number U10022647L and Policy number U10033414L, with an effective date of January 20, 2006 (the "Policies"). The Policies' cumulative death benefit is $10 million.

24. Part A of the application contained the following affirmation:

> I have read the above statements or they have been read to me. They are true and complete to the best of my knowledge and belief. I understand that this application: (1) will consist of Part A, Part B, and if applicable, related forms; and (2) shall be the basis for any policy issued. I understand that any misrepresentation contained in this application and

>relied on by the Company may be used to reduce or deny a claim or void the policy if: (1) it is within its contestable period; and (2) such misrepresentation materially affects the acceptance of the risk.

25. In completing the application, Michael Altman and the Altman Trust, through its Trustees, provided material information to American General regarding Michael Altman's net worth, annual income, purpose for seeking coverage, and other life insurance coverage in-force or being sought. Michael Altman and the Trustees knew that they were required to provide truthful, accurate and honest answers to the questions presented on the application. Michael Altman and the Trustees also knew that American General would rely upon the answers recorded on the application in determining whether Michael Altman was insurable and qualified for the Policies.

26. In response to clear, direct questions on the application concerning Michael Altman's income and net worth, Michael Altman and the Altman Trust, through its Trustees, represented that Michael Altman had a net worth of $26,700,000 and income in excess of $1,200,000. Abraham Altman, Joel Brach, and Yoel Horowitz participated in the completion of the application for life insurance. Michael Altman again made these misrepresentations during a telephonic inspection report conducted by Infolink, a third-party inspection service hired by American General to verify the veracity of representations made on the

application for the Policies.

27. On the basis of the statements and representations on the application and in reliance upon Michael Altman and the Trustees' complete candor, honesty and openness in disclosing information in response to questions presented on the application, American General approved the issuance of the Policies with an effective date of January 20, 2006.

28. Joel Brach and Yoel Horowitz, as insurance agents acting for various insurers, including American General, submitted applications for life insurance coverage on Mr. Altman's life to at least four insurance carriers. These applications contained material misrepresentations regarding Michael Altman's net worth, income, purpose for seeking coverage, and in-force or pending insurance coverage of which Messrs. Brach and Horowitz knew were false and on which they intended the insurers, including American General, to rely. Brach and Horowitz also submitted additional information to the insurers, including American General, further misrepresenting Michael Altman's net worth, income, purpose of the insurance, and in-force or pending insurance coverage on which Defendants intended the insurers to rely. The insurers, including American General, did rely on these misrepresentations and at least five insurance policies were issued as a result of these misrepresentations. Mr. Brach and Mr. Horowitz made these representations to the various insurers in an attempt to obtain millions

of dollars worth of coverage on Michael Altman's life, which, in turn, generated substantial commissions for Mr. Brach and Mr. Horowitz.

29. After issuance of the Policies, facts came to light indicating that the net worth, income, and other insurance coverage being sought or already in-force as reflected on the application were materially false as represented by the Altman Trust, through its Trustees, and the Individual Defendants. Had the Altman Trust, through its Trustees, and the Individual Defendants been truthful when completing the application, American General would not have issued the Policies or would have only done so on materially different terms.

30. American General brings this action seeking rescission of the Policies and an order declaring the Policies void *ab initio*, and seeking to recover damages caused by Defendants' fraud, negligent misrepresentation, aiding and abetting, conspiracy, and breach of fiduciary duty. American General discovered the grounds for the new causes of action against the existing and newly-added Defendants in April 2009.

## COUNT I
## DECLARATORY JUDGMENT
**(Against the Altman Trust by and through its Trustees)**

31. Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, American General seeks a declaratory judgment that the Policies are null, void and rescinded *ab initio* due to material misrepresentations Defendants made

on the Application, and that, as a result of said rescission, American General may deposit with the Clerk of the Court all premiums paid on the Policies along with required interest, if any. American General also seeks its fees pursuant to the Declaratory Judgment Statute.

## COUNT II
## FRAUD
**(Against all Defendants)**

32. Defendants made false representations of material fact, which Defendants knew to be false or which Defendants asserted without knowledge of their truth or falsity. Defendants made these representations with the intent to induce American General to act, and American General did act in reliance on these misrepresentations, and suffered damages attributable to the misrepresentations.

33. Specifically, Defendants made false representations of Michael Altman's income and net worth on the application for the Policies and during interviews conducted during the underwriting of the application for the Policies. Michael Altman's income and net worth were material facts relied upon by American General in underwriting the Policies' application. Defendants knew that Michael Altman did not have a net worth of $26.7 million or an income of $1.2 million, but made these misrepresentations with the intent that American General would rely upon them and issue the Policies.

34. In addition, Defendants made false representations regarding the

amount of other life insurance coverage in-force or being sought on Michael Altman's life to American General.  American General relied on the material representations regarding Michael Altman's insurance coverage in-force or pending in underwriting the Policies' application.  Defendants misrepresented the amount of coverage possessed and/or sought by Michael Altman with the intent that American General would rely on these representations and issue the Policies.

35. American General would not have issued the Policies but for the misrepresentations and has suffered damages as a result, including commissions paid to Defendants Brach and Horowitz for the sale of the Policies, attorneys' fees, costs, and other administrative internal costs associated with the issuance and servicing of the Policies.

## COUNT III
## NEGLIGENT MISREPRESENTATION
**(Against all Defendants)**

36. Defendants negligently supplied false information to American General in submitting the application for the Policies.  American General justifiably relied on these representations by Defendants and suffered damages as a result.  Additionally, or alternatively, Defendants supplied false information to American General with a conscious disregard as to the information's truth or falsity.

## COUNT IV
## AIDING AND ABETTING
### (Against all Defendants)

37. American General has been injured by the fraudulent procurement of the Policies. Defendants knew that the application for the Policies contained material misrepresentations and knowingly and substantially assisted in the procurement of these Policies.

38. Specifically, the application contained material misrepresentations regarding Michael Altman's net worth, income, and the amount of other life insurance coverage in-force or being sought on Michael Altman's life. To the extent these representations are attributable solely to Michael Altman, the remaining Defendants aided and abetted Michael Altman in perpetrating this fraud on American General. Defendants were aware of these material misrepresentations at the time they were made to American General, and they knowingly and substantially assisted in obtaining these Policies from American General on the basis of false statements.

## COUNT V
## CIVIL CONSPIRACY
### (Against all Defendants)

39. Defendants engaged in a conspiracy to obtain, for their own benefit, $10 million in death benefit protection on Michael Altman from American General, despite the fact that Michael Altman was not qualified for this amount of

coverage. Defendants agreed to obtain the Policies anyway by committing insurance fraud and by making material misrepresentations to American General and/or by acting with a conscious disregard as to the truth or falsity of the information submitted to American General. Defendants each made one or more overt acts in furtherance of this conspiracy. American General has been damaged by this conspiracy.

## COUNT VI
## BREACH OF FIDUCIARY DUTY
**(Against Defendants Brach and Horowitz)**

40. The relationship between American General, on the one hand, and Brach and Horowitz, on the other hand, is fiduciary in nature. Brach and Horowitz, as agents of American General, owe American General, *inter alia*, a duty to discharge their duties in good faith and with reasonable diligence. Specifically, Brach and Horowitz owe American General a duty to present to American General truthful and accurate applications for life insurance, and other documents, and to not otherwise act in a manner that materially prejudices American General's interests.

41. Brach and Horowitz breached their fiduciary duties to American General by acting in direct violation of the duties owed to American General. Specifically, Brach and Horowitz breached their fiduciary duties to American General by presenting a false application and supporting documents to American

General in order to procure life insurance for Michael Altman.

42.     As a proximate consequence of Brach's and Horowitz's breach of fiduciary duties to American General, American General has suffered and/or incurred damages, costs and expenses in an amount at least as much as the commissions paid to Brach and Horowitz on the Policies.

## RELIEF REQUESTED

WHEREFORE, due to the above-referenced material misrepresentations, American General demands judgment against Defendants as follows:

(a)     an order declaring and adjudging the policies of life insurance issued by American General insuring the life of Michael Altman bearing Policy number U10022647L and Policy number U10033414L to be null and void and rescinded, *ab initio*;

(b)     an order that American General deposit with the Clerk of the Court all premiums paid on the Policies along with required interest, if any;

(c)     all actual damages to which American General may be entitled;

(d)     punitive damages due to Defendants' intentional fraud;

(e)     reasonable and necessary attorneys' fees, and other costs incurred in this action;

(f)     pre-judgment and post-judgment interest at the maximum allowed rate;

(g) costs of court; and

(h) such other relief as the Court deems equitable and just to American General.

                              Respectfully submitted,

                              BRACEWELL & GIULIANI LLP

                      By:   /s/ Philip J. Bezanson
                            David C. Albalah
                            Philip J. Bezanson
                            1177 Avenue of the Americas
                            New York, New York 10036

                            (212) 508-6138
                            (212) 938-3838 (facsimile)

                            *Attorneys for Plaintiff American*
                            *General Life Insurance Company*

OF COUNSEL:

EDISON, MCDOWELL & HETHERINGTON LLP

David T. McDowell
Texas Bar No. 00791222
Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
(713) 337-5580 (Telephone)
(713) 337-8850 (Facsimile)